IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward Beeker, | ) |
| Plaintiff, | ) Civil Action No. 6:08-3045-GRA-BHH |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| | ) |
| vs. | ) |
| | ) |
| Advanced Technology Services, Inc., | ) |
| Defendant. | ) |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In his Complaint, the plaintiff alleges that he was wrongfully discharged.  The defendants have moved to dismiss the plaintiff's claims.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

**<u>DISCUSSION</u>**

The defendant has moved to dismiss the plaintiff's South Carolina Human Affairs Commission Law (SHAC) claim. The defendant contends that this claim is barred by the applicable statute of limitations. S.C. Code § 1-13-90(d)(6). The plaintiff does not dispute the argument. (See generally Pl. Resp.) Accordingly, the Court recommends dismissal of the SHAC claim based on the motion, filings of record, and the plaintiff's implicit consent.

The plaintiff, however, contends that his entire case should not be dismissed insofar as a federal cause of action, pursuant to the Age Discrimination in Employment Act ("ADEA"), remains. Specifically, the plaintiff has put forward evidence that he amended his Complaint, as a matter of right, to include such a claim, *see* S.C. R. Civ. P. 15(a), <u>prior to removal of the case to federal court</u>. The Court agrees that the plaintiff's case presently includes an ADEA claim. (See Pl. Resp. Ex. A.) Pursuant to Rule 15 of the South Carolina Rules of Civil Procedure, the plaintiff had a right to amend his Complaint without leave of court, prior to the filing of a responsive pleading, and did so before the case was removed. *Id*. In fact, that right would have continued even after removal. *See, e.g., Harris v. Archer Daniels Midland Co.*, 2006 WL 963551, at *3 (D. Kan. April 13, 2006) ("Similarly, the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course.") The defendant does not really contend otherwise.

Rather, the defendant contends that any such an ADEA claim is also barred by the applicable statute of limitations. Specifically, the ADEA requires a plaintiff to file a lawsuit within 90 days of receipt of a notice of the dismissal of his administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). *See* 29 U.S.C. § 626(e). The defendant argues that the plaintiff's ADEA claim, therefore, is time barred because he filed his ADEA claim, with his Amended Complaint, in state court on September 3, 2008, more than 90 days after his receipt of the Dismissal and Notice of Rights, on May 22, 2008. The defendant, further, contends that the Amended Complaint cannot relate back to the filing

2

date of the original complaint, August 11, 2008, because that original Complaint was based exclusively on the SHAC claim, which was untimely when filed. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). The Seventh Circuit decision, in *Williams*, suggests that an untimely amended claim cannot be saved by relation back to the filing date of the original complaint, if the claim in the original complaint was also untimely when filed.

The Court is largely persuaded by the defendant's reasoning but declines to dismiss the case at present. First, the defendant has not submitted any evidence of when the notice of dismissal was actually issued. The defendant has represented that such notice was dated, May 22, 2008, but as far as the Court can tell, the notice has not been actually submitted either in conjunction with this motion or with the removal documents.[1] The plaintiff has made no sur-reply. Second, the statute of limitations argument concerning the ADEA claim was not a part of the defendant's initial motion. The argument was raised for the first time, and appropriately so, in reply to the plaintiff's response.

Because of the gravity of the matter, the Court, therefore, believes it would be more prudent for the defendant to renew this statute of limitations defense, concerning the plaintiff's ADEA claim, in a separate motion for the plaintiff to respond.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss should be GRANTED as to the plaintiff's South Carolina Human Affairs Law claim only.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

February 20, 2009
Greenville, South Carolina

---

[1] The defendant references an Exhibit A to the plaintiff's state court complaint. The Court has not found any Exhibit A to the complaints submitted in this case.

3