IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edward Beeker, | ) | |
| | ) | No. 6:08-3045-GRA-BHH |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| Advanced Technology Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter was initially referred to a magistrate pursuant to Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C.. The magistrate recommends that the defendant's motion to dismiss should be GRANTED as to the plaintiff's South Carolina Human Affairs Law claim only.

**Facts**

Plaintiff filed his Complaint in the Court of Common Pleas, Greenville County on August 11, 2008 alleging discrimination in violation of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, *et seq.* ("SCHAL"). He contends that Defendant demoted him on March 20, 2007 and discharged him on July 31, 2007 because of his age in violation of the SCHAL. The plaintiff received his Dismissal and Notice of Rights, on May 22, 2008.

On September 3, 2009, the plaintiff sought to amend the complaint to include

a federal cause of action under the Age Discrimination in Employment Act ("ADEA"). Also on September 3, 2009, the defendant removed this action from Greenville County to this Court.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

*Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **OBJECTIONS**

The defendant makes three objections to the magistrate's Report and Recommendation. First, the defendant argues that the plaintiffs does not include an ADEA claim because the defendant was not properly served with the Amended Complaint. Second, the defendant argues that the "relation back" doctrine found in Rule 15(c) is inapplicable, and thus the plaintiff claims should be dismissed as outside of the statue of limitations. Finally, the defendant argues that the magistrate erred is recommending dismissal because the plaintiff did not have the opportunity to respond to Defendant's argument that the ADEA claim was also barred by the statute of limitations. After reviewing these objections, it is the opinion of the Court that the magistrate used sound judgement in this matter.

The defendant first argues that the plaintiff does not include an ADEA claim because the Amended Complaint was not properly served. The amended complaint was filed in state court on September 3, 2008 and served upon the defendant on February 24, 2009 in accordance with Rule 5(b) of the South Carolina Rules of Civil Procedure. Based on a complete review of the record, the Court finds that it is in the best interests of justice to allow the amended complaint. However, the Court would also like to inform the parties that continued tardiness of service will not be tolerated.

Additionally, the defendant argues that the plaintiffs claim should be denied because the relation back doctrine is inapplicable when the original cause of action was filed outside of the statute of limitations ("*Lampe* defense"). *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).  However, this concept has not been expressly adopted by either Fourth Circuit Court of Appeals, or the South Carolina Supreme Court.  Accordingly, before this Court is willing to adopt or deny such an concept, it would  like the parties to submit detailed briefs on the matter.

## **CONCLUSION**

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, based upon the foregoing, the defendant's motion to dismiss is GRANTED as to the plaintiff's South Carolina Human Affairs.  Additionally, the Court will allow the defendant to renew their *Lampe* defense by filing a motion and detailed brief within twenty (20) days of this order.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 5, 2009